IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KIRSTEN BARNES, on behalf of herself and on behalf of all others similarly situated, Plaintiffs, v. NATIONAL ELITE GYMNASTICS, INC. and MARK ENGLAND, Defendants. | § § § § § § § § § § | CIVIL ACTION NO. 1:20-CV-1205 **JURY DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, KIRSTEN BARNES, on behalf of herself and on behalf of all others similarly situated, and files this Original Complaint complaining of Defendants NATIONAL ELITE GYMNASTICS, INC. (hereinafter sometimes referred to as "NEG") and MARK ENGLAND, individually (all Defendants sometimes collectively referred to herein as "Defendants"), and for cause of action would show the Court the following:

**I.**

**INTRODUCTION**

1. This action seeks damages, liquidated damages, attorneys' fees, taxable costs of the court, pre-judgment and post-judgment interest as a result of civilly wrongful conduct in violation of the Fair Labor Standards Act ("FLSA").

1.2 Plaintiff, by counsel, brings this action for damages and other legal and equitable relief for Defendants' violations of the laws requiring payment of overtime compensation. Defendants wrongfully classify employees that work for them as exempt from overtime compensation under the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., or alternatively, simply do not pay overtime compensation that is owed to their employees.

1.3    Plaintiff brings this action for violation of the FLSA as a collective action, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the following class of similarly situated employees:

> All employees who worked as gymnastic instructors during the period of three years prior to the date of commencement of this action through the date of judgment in this action, who have neither been properly compensated for all of their hours worked, nor paid time and one-half for hours worked in excess of forty (40) hours per week.

1.4    Defendant Mark England is an owner and president of NEG. Mark England controls and has controlled the NEG organization, derives profits from its business, and sets employee compensation and personnel policies. Mark England had control over the conditions and terms of Plaintiff's and other employee's employment with NEG. Mark England continues to have control over the conditions and terms of current and future employees of NEG. Mark England had the authority to hire, fire, and discipline Plaintiff. Mark England had the authority, and continues to have the authority, to hire, fire and discipline all employees of NEG. Mark England had the authority to determine rates of pay and make schedules for Plaintiff and other employees with NEG. Mark England continues to have the authority to determine rates of pay and make schedules for current and future employees of NEG.

## II.

## THE PARTIES

2.1    Plaintiff is an individual who can be contacted through counsel.

2.2    Defendant NATIONAL ELITE GYMNASTICS, INC. is an entity that may be served through

its registered agent, Mark England at 7632 W. Hwy, 71, Austin, TX 78735.

2.3    Defendant MARK ENGLAND is an individual who may be served at 7632 W. Hwy, 71, Austin, TX 78735.

## III.

## JURISDICTION, VENUE AND CONDITION PRECEDENT

3.1    The amount in controversy exceeds the jurisdictional minimum amount in controversy for this Court. The Plaintiff was employed with Defendant NEG, a corporation doing business within the territorial jurisdiction of the Court. This case is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* The FLSA provides that an action may be maintained in state court. See 29 U.S.C. §216(b).

3.2    This action lies in the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b) and (c) because it is the district where both Defendants reside and in which a substantial part of the events giving rise to Plaintiff's claims occurred. Defendant AOC regularly conducts business in the Eastern District of Texas and thus is subject to personal jurisdiction within this judicial district.

3.3    All conditions precedent have been performed or have occurred.

## IV.

## FACTS

4.1    Plaintiff is a former employee of Defendant NEG who worked in Austin as a Gymnastics instructor for NEG. Plaintiff was employed by NEG from December 2019 until June, 2020.

4.2    Plaintiff regularly worked for NEG in excess of 40 hours per week and was not paid time

and a half for those hours. Plaintiff was wrongfully classified as an exempt salaried employee. Likewise, over the past three years, other similarly situated employees worked for NEG in excess of 40 hours per week and were not paid time and a half for those hours.

4.3    For over three years preceding the filing of this action, Defendant NEG has maintained a corporate policy of not paying its employees overtime wages of time and a half as required by the FLSA. Instead, Defendants have wrongfully classified Plaintiff and other similarly situated employees as exempt from the overtime laws and not paid them overtime wages as required.

4.4    There are other similarly situated current and former employees who were not paid overtime owed and who would benefit from the issuance of a Court Supervised Notice of the present lawsuit and the opportunity to join in the present lawsuit. Members of the proposed class and Plaintiff therefore should be permitted to pursue their claims collectively pursuant to 29 U.S.C. §216(b). Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiff and members of the proposed class.

## V.

## CAUSES OF ACTION

5.1    The allegations contained in Paragraphs 1.1 through 1.4 and 4.1 through 4.4 inclusive are hereby incorporated  by reference for all causes of action.

### FLSA Violations

5.2    At all times relevant, Defendant NEG has been, and continues to be, an "employer" as defined by the FLSA. NEG employed Plaintiff and other employees to perform gymnastic services on behalf of NEG clients.

5.3    At all times relevant, Defendant Mark England has been, and continues to be, an

"employer" as defined by the FLSA.

5.4     Plaintiff Barnes consents in writing to be a part of this action, pursuant to 29 U.S.C. §216(b). Plaintiff Barnes, and additional similarly situated individuals who are interested in joining this case as opt-in plaintiffs, bring this cause for violations of the FLSA for unpaid overtime wages. As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

5.5     The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

5.6     Plaintiff Barnes, and all additional similarly situated individuals, are entitled to be paid the overtime compensation for all hours worked in excess of forty hours per work week. Plaintiff and members of the proposed class are not employed in a bona fide executive, administrative, or a professional capacity pursuant to 29 U.S.C. §213(a)(1) and corresponding regulations. Plaintiff and members of the proposed class are not subject to any other exemptions set forth in the FLSA or administrative regulations.

5.7     Defendants, pursuant to their policies and practices, failed and refused to pay overtime wages to Plaintiff and other similar employees for all their hours worked. By failing to pay overtime compensation, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §201, et seq.

5.8     The conduct of Defendants, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a). As such, a three year statute of limitations applies to such violations.

5.9     Plaintiff seeks to send notice of this lawsuit to all potential collective class members who worked for Defendants within the last three years as further described above.

5.10    The systems and practices of Defendants, and the duties of Plaintiff and those similarly

situated to her have existed for at least three years throughout Defendants' business.

5.11. There are numerous other similarly situated employees and former employees of the Defendants who have been denied overtime compensation in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable and able to be located through Defendants' records.

5.12 The records concerning the number of hours actually worked by Plaintiff and all other similarly situated employees, and the compensation actually paid to such employees are in the possession and custody of Defendants. Based on information and belief, Defendants maintain and continue to maintain copies of those records.

5.13 Defendants have not made a good faith effort to comply with the FLSA with respect to compensation of Plaintiff and other similarly situated present and former employees.

5.14 NEG had a common pay policy of not paying its employees overtime and wrongfully classifying similarly situated employees as exempt. This common pay policy was implemented by Defendant England. Defendants all constitute "employers" as defined by the FLSA and are a joint enterprise.

## VI.

## DAMAGES

6.1 As a result of Defendants' unlawful conduct, Plaintiff and others similarly situated have suffered damages in the amounts of their unpaid overtime compensation, lost wages, liquidated damages as provided by the FLSA 29 U.S.C. §216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

6.2    Plaintiff, on behalf of herself and others similarly situated, seeks recovery of attorneys' fees and costs as provided by the FLSA 29 U.S.C. §216(b).

6.3    Plaintiffs seek all reasonable attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal work, any appeal work, making or responding to an application for writ of error, an appeal to the Supreme Court if an application for writ of error is granted, and post-judgment discovery and collection in the event execution on the judgment is necessary.

## VII.

## JURY DEMAND

7.1    Plaintiffs hereby demand a trial by jury of all the issues and facts in this case and tenders the requisite fee.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that at the earliest possible time, the Plaintiff be allowed to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this lawsuit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as described above. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join.

Plaintiffs request that Defendants be adjudged, decreed, and declared to be in violation of the rights of Plaintiffs under the FLSA and that a permanent prohibitory injunction be issued prohibiting the Defendants, their officers, agents, employees and successors from engaging in the employment actions complained of herein, and that a permanent mandatory injunction be issued requiring that Defendants adopt wage and hour practices in conformity with the requirements of the FLSA.

Plaintiffs request that Defendants be cited to appear and answer herein, and, upon final trial, have Judgment against Defendants, jointly and severally, as requested above, and as follows:

1. Judgment against Defendants for all damages alleged in this petition;

2. Interest before and after judgment at the highest rate provided by law, until paid;

3. Costs of suit;

4. Reasonable and necessary attorneys' fees;

5. Injunctive and declaratory relief; and

6. Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

THE MELTON LAW FIRM, P.L.L.C.
925 S. Capital of Texas Hwy., Suite B225
Austin, Texas 78746
(512) 330-0017 Telephone
(512) 330-0067 Facsimile
jmelton@jfmeltonlaw.com


/s/ John F. Melton
John F. Melton
State Bar No. 24013155

ATTORNEYS FOR PLAINTIFFS